FILED

Peter Garcia, Pro Se
1969 S. Alayafa Trail
#231
Orlando, Florida 32828

2021 APR -8  PM 2: 04

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## THE UNTIED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO, FLORIDA

PETER GARCIA,

    Petitioner,

    vs.

Orange County Government

    Respondent

Case No. 6:21-cv-628-RBD-GJK

1) Age Discrimination in Employment, 29 U.S.C. § *621 et seq*; IRS 659A.030)

2) Defamation

*Demand for Jury Trial*

### NATURE OF THE ACTION

    This is an action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq*., as amended, ("ADEA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, is filed to correct unlawful employment practices on the basis of age, to redress interference with rights protected under the ADEA and provide Dr. Peter Garcia appropriate relief who was adversely affected by such practices.

    Petitioner, Peter Garcia, M.D., (Dr. Garcia) by way of this complaint alleges Respondent, Orange County Government (OCG) discriminated against him based on his age during the  interview process by failing to interview or hire him when he applied for three different positions with OCG. Dr. Garcia is an experienced board certified physician with an extensive work history in clinical and administration

medicine.  He has previously been an employee of Orange County as the Medical Director of the Orange County Medical Clinic.

<u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and § 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331. This Court has jurisdiction over the state law claims pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367(a).  This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed in Orlando, FL which is within the jurisdiction of the United States District Court for the Middle District of Florida.

<u>PARTIES</u>

3.  Plaintiff, Dr. Peter Garcia (Dr. Garcia) is a resident of Orange County Florida.

4. Defendant, Orange County Government manages the affairs of Orange County Florida in Orlando, Florida. It oversees all aspects of employment for Orange County employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(3) and 101(7) of the ADA, 42 U.S.C. §§12111(5), (7), within the meaning of Sections 11(b) and (h) of the ADEA, 29, U.S.C. §§ 630(b), (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA.

7. At all relevant times, Defendant has continuously been doing business in the State of Florida and has continuously had at least 20 employees.

ADMINISTRATIVE PROCEDUES

8. More than thirty days prior to the institution of this lawsuit, Dr. Garcia filed a charge with the EEOC alleging violation of the ADEA and ADA.

9. On January 11, 2021 the EEOC issued a Dismissal and Notice of Rights letter without finding the Defendant was in violation or in compliance with the statutes for which violations have been alleged.

10. All conditions precedent to the institution of this lawsuit has been fulfilled.

STATEMENT OF CLAIMS

11. On or about February 25, 2020 Dr. Garcia applied for a three employment positions with Orange County Government.

12. To begin the process he completed an online application and received a notice of his application on February 26, 2020. (See Email)

13. Initial job applications were for two positions. Position 23049 was the Quality Assurance Coordinator and 23748 was the Assistance Medical Director for Health Services Orange County Corrections.

14. Later, Dr. Garcia also applied for a third position Program Manager Health Services (25358).

15. On March 10, 2020 Dr. Garcia had not had any response to his applications except the acknowledgments that he had applied. Therefore on March 10, 2020 he presented to Human Resources at Orange County Government in an effort to clarify his applications.

16. Dr. Garcia was not able to speak to a recruiter in Human Resources however he was given the name of the Fire Recruiter that was in theory overseeing the recruitment for the QA Coordinator for the Fire Department, Robert Fuller.

17. On March 10, 2020 Dr. Garcia emailed Robert Fuller expressing his interest in the Fire EMS QA and QI position.

18. He listed several of his qualifications for the position in the email including his practice of Emergency Medicine for multiple years and his Quality Improvement training.

19. Dr. Garcia also called Robert Fuller and left a message on his answering machine.

20. On March 12, 2020 Robert Fuller answered Dr. Garcia's email stating, "I have forwarded your information over to the appropriate recruiter handling those processes."

21. Dr. Garcia did not have further communication with anyone at Orange County after the March 12, 2020 email.

## FIRST CLAIM FOR RELIEF
(Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*)

For his Claim for Relief, Dr. Peter Garcia Alleges:

22. Dr. Garcia incorporates paragraphs 1-21 as if fully set forth herein.

23. In passing the ADEA, Congress explicitly found and declared that "the setting of arbitrary age limits regardless of potential for job performance has become a common practice, and certain otherwise desirable practice may work to the Disadvantage of older persons. "

24. The clear intent of the ADEA was to assure the older worker that employment opportunities will be based on ability and experience rather that age.

25. The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 631(a), prohibits an employer from discriminating on the basis of age if that person is over 40 years old." Chambers v. Metropolitan Property and Cas. Ins. Co., 351 F.3d 848, 855 (C.A.8 (Minn.),2003).

26. It shall be unlawful for an employer–(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age …." Id. at § 623(a)." Cheng v. Benson, 358 F.Supp.2d 696, 698 (N.D.Ill.,2005).

27. ADEA regarding what actions are prohibited is essentially the same as that under Title VII. "As enacted in 1967, § 4(a)(2) of the ADEA, now codified as 29 U.S.C. § 623(a)(2), provided that it shall be unlawful for an employer "to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

28. To make a prima fascia case under the ADEA the plaintiff must demonstrate the following criteria have been met. As noted above not all elements of the prima facie case need be demonstrated in the pleadings.

   a. The plaintiff is over forty years of age.  Garcia meets this requirement.

   b. The plaintiff is otherwise qualified for the position.  For two of the positions, the Assistant Medical Director in Corrections and the Program Manager Health Services, Defendant admits Dr. Garcia is qualified. For the third position working with Emergency Medical Services (EMS) to provide Quality Assessment and Improvement support he adds the following.  He has been board certified in both Emergency Medicine and Family Practice.  He worked as an Emergency Physician for more than ten years. Dr. Garcia compiled a fellowship in Administrative Medicine with an emphasis on Quality.   He has performed hundreds of quality studies and made quality presentations to large groups of healthcare professionals.   He is a Certified Healthcare Quality Professional.

   c.  The plaintiff was not hired.  This is clear from the emails.

   d. The position remained open after the plaintiff was dismissed as a candidate *or* the circumstances under which the hiring occurred creates the inference of discrimination or a younger person was hired.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)

   e. In this case the Assistant Medical Director in Corrections remained open after Dr. Garcia was dismissed as a candidate. Defendant does not deny this. The Program Manager position was filled with an internal candidate; however no details regarding age or work experience were provided by Orange County. The

EMS QA and QI was reportedly filled six to seven months before Dr. Garcia's application, however the job posting was never removed.  If this is true it does not explain why the recruiter for the position did not contact Dr. Garcia and inform him of this as generally a recruiter knows when a position is filled.  Orange County did not provide a name of the person hired, the age of the person hired, the previous experience of the person hired or the hire date.  Therefore it is not possible to determine without discovery if this hiring was performed under discriminatory circumstances. The thought that a position would remain advertised months after it was in theory filled raises an inference of discrimination.

29. The effect of the practices complained of above has been to deprive Dr. Garcia and a class of applicants and employees of equal employment opportunities and otherwise to affect adversely their status as applicants.

SECOND CLAIM FOR RELIEF
DEFAMATION / FALSE LIGHT

 For his Claim for Relief, Dr. Peter Garcia Alleges:

30. Dr. Garcia incorporates paragraphs 1-29 as if fully set herein. The elements of Defamation and False Light are nearly identical.  Discovery will aid in determining which is more applicable in this case.

31. Defendant has produced a Declaration of Natasha Griffin (Griffin) in an effort to rationalize rejecting Dr. Garcia as a candidate.

32. In her Declaration Griffin states that Dr. Garcia was not hired for the Assistant Medical Director Position, for which he was qualified, because he was terminated for

poor performance from his position as Medical Director of Orange County Medical Clinic.

33. While the Medical Director of Orange County Medical Clinic he did not receive a negative performance review. He was never advised that his performance was not acceptable.

34. Dr. Garcia's separation from the clinic was under a not for cause 30 day notice which was part of his contract with Orange County. No rational for the separation was ever discussed with him at the time of separation.

35. False light has the following six elements: (1) publicity; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity; (4) actual damages; (5) publicity must be highly offensive to a reasonable person; and (6) publicity must be about the plaintiff. *See* Restatement (Second) of Torts § 652E; *see also* <u>Bueno,</u> 54 P.3d at 899-900. Defamation has the following five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory. *See* Restatement (Second) of Torts §§ 558B, 580A-580B.

36. Dr. Garcia alleges that discovery will demonstrate the representations by Griffin are false. It will also clarify if the false statements were statements made by Griffin or by another employee of Orange County who entered the comments onto Dr. Garcia's employee record without his knowledge.

37. It can be seen with the evidence available that the statements were published to others at Orange County and now the EEOC.

38.  A review of Dr. Garcia's employment record with information to be provided from other sources who worked with Dr. Garcia at the Orange County Medical Clinic will demonstrate the statements to be false.

39. In order to demonstrate that statements were made with knowledge they were false or reckless indifference, Dr. Garcia needs to know who made the statement, the conditions under which the statements were made and what the actual statement entails. That information will only be available with discovery and obtaining Dr. Garcia's employment record.

40.  The allegation of poor performance is vague and without facts.  Therefore it appears to be a very harsh penalty to justify banning Dr. Garcia from employment with Orange County for life.  This raises the question of pretext.

41. Dr. Garcia's discharge from consideration for work at Orange County for which he was qualified and remained open qualifies as damages.

42.  Stating that someone was terminated for poor work performance is certainly defamatory and highly offensive if the allegations are false.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff Dr. Peter Garcia prays for judgment against defendants for the following relief:

1.  For his lost wages and benefits, including future losses, in an amount to be determined by the jury at the time of trial, along with prejudgment interest thereon;

2.  For liquidated damages in the amount equal to his economic losses to be determined by the jury at the time of trial, along with prejudgment interest

thereon; For non-economic damages in an amount to be determined by the jury at the time of trial;

3. For punitive damages in an amount to be determined by the jury at the time of trial;

4. For reasonable attorney fees and costs incurred herein; and

5. For such other relief as the Court may deem just and proper.


Respectfully submitted
this 8th day of April, 2021.

By: _____
Peter Garcia, Pro Se
1969 S. Alafaya Trail
Suite 231
Orlando, Florida   32828
clintonville@gmail.com