FILED

Peter Garcia, Pro Se
1969 S. Alayafa Trail
#231
Orlando, Florida 32828

2021 APR 22  PM 12: 21

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## THE UNTIED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO, FLORIDA

---

PETER GARCIA,

     PLAINITFF,

vs.

Orange County Government

     DEFENDANT.

Case No. 6:21-cv-00628-RBD-GJK

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

## INTRODUCTION

PLAINITFF, Peter Garcia (Dr. Garcia) now responds to this courts dismissal of his original complaint having labeled it an example of "Shotgun" pleading. The court's dismissal without prejudice is brief without significant detail. Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "failing to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds

upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Ofc.,* 792 F.3d 1313, 1323 (11th Cir. 2015)

The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002)</u>. Doing so makes it nearly impossible for defendants and the Court to determine which factual allegations give rise to which claims for relief. Dr. Garcia's complaint has two counts and one opposing party. The factual allegations for both counts arise out of the application process for employment with Orange County.

<u>NATURE OF THE ACTION</u>

This is an action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, as amended, ("ADEA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, is filed to correct unlawful employment practices on the basis of age, to redress interference with rights protected under the ADEA and provide Dr. Peter Garcia appropriate relief who was adversely affected by such practices.

Petitioner, Peter Garcia, M.D., (Dr. Garcia) by way of this complaint

alleges Respondent, Orange County Government (OCG) discriminated against him based on his age during the application process by failing to interview or hire him when he applied for three different positions with OCG. Dr. Garcia is an experienced board certified physician with an extensive work history in clinical and administration medicine. He has previously been an employee of Orange County as the Medical Director of the Orange County Medical Clinic.

<u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331. This Court has jurisdiction over the state law claims pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367(a).  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed in Orlando, FL which is within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3.  Plaintiff, Dr. Peter Garcia (Dr. Garcia) is a resident of Orange County Florida.

4. Defendant, Orange County Government manages the affairs of Orange County Florida in Orlando, Florida. It oversees all aspects of employment for Orange County employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(3) and 101(7) of the ADA, 42 U.S.C. §§12111(5), (7), within the meaning of Sections 11(b) and (h) of the ADEA, 29, U.S.C. §§ 630(b), (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADEA.

7. At all relevant times, Defendant has continuously been doing business in the State of Florida and has continuously had at least 20 employees.

## ADMINISTRATIVE PROCEDURES

8.  More than thirty days prior to the institution of this lawsuit, Dr. Garcia filed a charge with the EEOC alleging violation of the ADEA and ADA.

9.  On January 11, 2021 the EEOC issued a Dismissal and Notice of Rights letter without finding the Defendant was in violation or in compliance with the statutes for which violations have been alleged.

10.   All conditions precedent to the institution of this lawsuit have been
fulfilled.

## FACTS COMMON TO ALL CLAIMS

11. On or about February 26, 2020 Dr. Garcia applied for three employment
positions with Orange County Government.

12. To begin the process he completed an online application and received a
notice of his application on February 26, 2020. The same application was
used to apply for each position.  Although three positions were applied for
the application process was a single common process through Orange
County Human resources from which the ADEA complaint arises. (See
Email)

13. Initial job application included two positions. Position 23049 was the
Quality Assurance and Quality Improvement Coordinator for EMS (23049)
and 23748 was the Assistance Medical Director for Health Services Orange
County Corrections (Medical Director).

14. Later, Dr. Garcia also applied for a third position Program Manager
Health Services (25358) from the Orange County Web Site (Manager).

15.  On March 10, 2020 Dr. Garcia had not had any response to his
applications except the acknowledgments that he had applied. Therefore on

March 10, 2020 he presented to Human Resources at Orange County
Government in an effort to clarify his applications.

16. Dr. Garcia was not able to speak to a recruiter in Human Resources
however he was given the name of the Fire Recruiter that was in theory
overseeing the recruitment for the QA Coordinator for the Fire Department,
Robert Fuller.

17.  On March 10, 2020 Dr. Garcia emailed Robert Fuller expressing his
interest in the Fire EMS QA and QI position.

18.  He listed several of his qualifications for the position in the email
including his practice of Emergency Medicine for multiple years and his
Quality Improvement training.

19. Dr. Garcia also called Robert Fuller and left a message on his answering
machine.

20. On March 12, 2020 Robert Fuller answered Dr. Garcia's email stating,
"I have forwarded your information over to the appropriate recruiter
handling those processes."

21. Dr. Garcia did not have further communication with anyone at Orange
County after the March 12, 2020 email. He received no information from
Orange County as to why he was not selected.

22. On or about March 27, 2020 Dr. Garcia filed a complaint with the EEOC for discrimination under the ADEA.

23. Defendant OCG submitted a position statement at the request to the EEOC which included the Declaration of Natasha Griffin. In that statement to the EEOC, OCG provided it's rational for not interviewing or hiring Dr. Garcia for each position for which he applied.

24. Ms. Griffin stated that position 23049 had been filled five months earlier but had remained advertised.  No additional information was provided and no assertion that Dr. Garcia was or was not qualified for the position.

25. Ms Griffin also stated that Dr.Garcia was qualified for position 23748 and acknowledges his previous work as a medical director with OCG twenty years previously.  She stated he did not receive consideration as he was previously discharged for poor performance from this former Medical Director role.  Dr. Garcia disputes this fact.

26. With regards to the final position, 25358, she states that Dr. Garcia was again qualified but an internal candidate was hired.  She does not state the date of hire or the name, age, or qualifications for the hired individual.

<u>PLEADING STANDARD</u>

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) . To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). In the current case the "facts" are very limited as Orange County HR would not communicate with Dr. Garcia even after he sought them out. The only information currently available includes his credentials and the statement provided to the EEOC by Orange County. Rather than adduce a prima facie claim in the complaint itself — before discovery, often necessary to uncover a trail of evidence regarding the defendants' intent in undertaking allegedly discriminatory action, has taken place — a plaintiff need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. 992 (quoting *Conley,* 355 U.S. at 47, 78 S.Ct. 99). The prima facie case is "an evidentiary standard, not a pleading requirement." *Id.* at 510, 122 S.Ct. 992.   A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the

Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

The Federal Rules **reject** the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. *Maty v. Grasselli Chemical Co.*, 303 U. S. 197

ADEA

Initially, a plaintiff must establish a prima facie case of discrimination under the ADEA through one of three generally accepted methods: by direct evidence of discriminatory intent; by meeting the four-pronged test set out for Title VII cases in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); or through statistical proof. Dr. Garcia is not privy to any statistical information or direct information that implicates OCG for discrimination. Therefore he must proceed under the indirect four prong test.

This Circuit has adopted a variation of the four-pronged test set out for Title VII claims in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), that allows a plaintiff to establish a prima facie case under the ADEA with circumstantial evidence by proving:

(1) that he is a member of the protected group; (2) that adverse employment action was taken against him, e.g. discharge, demotion, or failure to hire; (3) that he was replaced by a person outside the protected group, the position remained open or and (4) that he was qualified for the position for which he was rejected. _Castle v. Sangamo Weston_, 837 F.2d 1550, 1558 (11th Cir.1988); _Goldstein v. Manhattan Industries, Inc._, 758 F.2d 1435, 1442 (11th Cir.),

The 11th Federal Circuit Court's repeated eschewal of an overly strict formulation of the elements of a prima facie case, especially in age discrimination cases is well documented. Age, unlike race or sex, "is not a discreet and immutable characteristic of an employee which separates the members of the protected group indelibly from persons outside the protected group. Rather, age is a continuum along which the distinctions between employees are often subtle and relative ones." _Goldstein_, 758 F.2d at 1142. As was recognized in _McCorstin v. United States Steel Corp._, 621 F.2d 749, 754 (5th Cir.1980): "Seldom will a sixty-year-old be replaced by a person in the twenties.... Because the discrimination involves age, rather than sex or race, a requirement that the replacement be from a nonprotected group fails to take the reality of the working place into account." Thus, we have declined to hold that a plaintiff's inability to show

that he was replaced by someone under forty is an absolute bar to the
establishment of a prima facie case. *See, e.g.,* <u>*Castle,* 837 F.2d 1550 (11th
Cir.1988);</u> <u>*Goldstein,* 758 F.2d 1435 (11th Cir.1985);</u> <u>*Pace v. Southern Ry.
Sys.,* 701 F.2d 1383 (11th Cir.),</u> *cert. denied,* <u>464 U.S. 1018, 104 S.Ct. 549,
78 L.Ed.2d 724 (1983);</u>

<u>FIRST CLAIM FOR RELIEF</u><br>
(Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*)

For his Claim for Relief, Dr. Peter Garcia Alleges and incorporates
paragraphs 1-26.

27. To make a prima fascia case under the ADEA the plaintiff must
demonstrate the following criteria have been met.

28. The plaintiff is over forty years of age.  Dr. Garcia pleads that he is over
40 years of age. He meets this requirement.

29. The plaintiff is otherwise qualified for the position.  For two of the
positions, 23748 and 25358, Defendant admits Dr. Garcia is qualified. For
the third position, 23049, working with EMS to provide Quality Assessment
and Improvement support he adds the following.  He has been board
certified in both Emergency Medicine and Family Practice.  He worked as
an Emergency Physician for more than ten years. Dr. Garcia compiled a
fellowship in Administrative Medicine with an emphasis on Quality.   He
has performed hundreds of quality studies and made quality presentations

to large groups of healthcare professionals. He is a Certified Healthcare Quality Professional.

30. The plaintiff was not hired. This is clear from the emails.

31. The position remained open after the plaintiff was dismissed as a candidate *or* a younger person was hired.

In this case the Assistant Medical Director in Corrections (23748) remained open after Dr. Garcia was dismissed as a candidate. Defendant does not deny this. The Program Manager position (25358) was filled with an internal candidate; however no details regarding age or work experience were provided by Orange County. The EMS QA and QI (23049) was reportedly filled five months before Dr. Garcia's application, however the job posting was never removed. If this is true it does not explain why the recruiter did not inform him the position filled. Orange County did not provide a name of the person hired, the age of the person hired, the previous experience of the person hired or the hire date. Therefore it is not possible to determine without discovery if this hiring was performed under discriminatory circumstances. The thought that a position would remain advertised months after it was in theory filled raises an inference of discrimination.

32. The effect of the practices complained of above has been to deprive Dr. Garcia and a class of applicants and employees of equal employment opportunities and otherwise to affect adversely their status as applicants.

### SECOND CLAIM FOR RELIEF
DEFAMATION / FALSE LIGHT

For his Claim for Relief, Dr. Peter Garcia Alleges and incorporates paragraphs 23 and 25.

30. The elements of Defamation and False Light are nearly identical. Discovery will aid in determining which is more applicable in this case.

31. Defendant has produced a Declaration of Natasha Griffin (Griffin) in an effort to rationalize rejecting Dr. Garcia as a candidate. Dr. Garcia was not aware of this information before it was provided to him by the EEOC as part of their investigation.

32. In her Declaration Griffin states that Dr. Garcia was not hired for the Assistant Medical Director Position, for which she admits he was qualified, because he was terminated for poor performance from his position as Medical Director of Orange County Medical Clinic twenty years before.

33. While the Medical Director of Orange County Medical Clinic he did not receive a negative performance review. He was never advised that his performance was unacceptable.

34. Dr. Garcia's separation from the clinic was under a not for cause 30 day notice which was part of his contract with Orange County. No rational for the separation was ever discussed with him at the time of separation.

35. False light has the following six elements: (1) publicity; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity; (4) actual damages; (5) publicity must be highly offensive to a reasonable person; and (6) publicity must be about the plaintiff. *See* Restatement (Second) of Torts § 652E; *see also Bueno*, 54 P.3d at 899-900. Defamation has the following five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory. *See* Restatement (Second) of Torts §§ 558B, 580A-580B.

36.  Dr. Garcia alleges the representations by Griffin are false. Discovery will clarify if the false statements were statements made by Griffin or by another employee of Orange County who entered the comments onto Dr. Garcia's employee record without his knowledge.

37. It can be seen with the evidence available that the statements were published to others at Orange County and now the EEOC.

38. A review of Dr. Garcia's employment record with information to be provided from other sources who worked with Dr. Garcia at the Orange County Medical Clinic will demonstrate the statements to be false.

39. In order to demonstrate that statements were made with knowledge they were false or reckless indifference, Dr. Garcia needs to know who made the statement, the conditions under which the statements were made and what the actual statement entails. That information will only be available with discovery and obtaining Dr. Garcia's employment record.

40. The allegation of poor performance, which Dr. Garcia denies, is vague and without facts. This raises the question of pretext.

41. Dr. Garcia's discharge from consideration for work at Orange County for which he was qualified and remained open qualifies as damages.

42. Stating that someone was terminated for poor work performance is highly offensive if the allegations are false.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Dr. Peter Garcia prays for judgment against defendants for the following relief:

1. For his lost wages and benefits, including future losses, in an amount to be determined by the jury at the time of trial, along with prejudgment interest thereon;

2. For liquidated damages in the amount equal to his economic losses to be determined by the jury at the time of trial, along with prejudgment interest thereon; For non-economic damages in an amount to be determined by the jury at the time of trial;

3. For punitive damages in an amount to be determined by the jury at the time of trial;

4. For reasonable attorney fees and costs incurred herein; and

5. For such other relief as the Court may deem just and proper.


Respectfully submitted
this 22nd day of April, 2021.


By: _____
        Peter Garcia, Pro Se
        1969 S. Alafaya Trail
        Suite 231
        Orlando, Florida   32828
        clintonville@gmail.com